THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY v. CHESTER R. PLASKETT, *by his next friend and father, G. R. Plaskett.*

ACCIDENT *at Railroad Crossing — Company, not Negligent.* As it approached the crossing of another railroad in a city of 5,000 inhabitants, a freight train stopped not to exceed a minute, so as to block one of the principal streets of the city near a public school building. A boy seven years old tried to climb over the cars. He was not seen by the train-men. The train started, and he was thrown off and injured. The jury found that the company was negligent, in that the train-men knew that the crossing was freqented by children, and were not on the lookout. *Held,* That there was no evidence of negligence on the part of the company.

## *Motion for Rehearing.*

THE facts are substantially stated in the opinion, filed October 10, 1891.

*Lucien Earle,* and *C. M. Bruce,* for the motion.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* contra.

*Per Curiam:* In support of the motion for a rehearing in this case several cases have been cited, notably, *Chicago City Railway Co. v. Wilcox,* 27 N. E. Rep. 899; *Avey v. Galveston &c. Co.,* 17 S. W. Rep. 31, and other like cases, deciding that where a child of tender years is injured by the negligence of another, the negligence of his parents, even though present at the time of the accident, cannot be imputed to him. We may fully assent to all decided in those cases, but that does not change or modify the former opinion handed down. Even if it be conceded that the little boy who was injured is so young in years as to be incapable of such conduct as will constitute contributory negligence, and if it also be conceded that any contributory negligence on the part of the parents cannot be imputed to the boy, these do not supply the place of negligence on the part of the railroad company. If the company was not negligent, it is not liable for damages on account of the injury complained of. The former opinion disposes of the case upon the ground that negligence cannot be imputed to the company. The train was stopped not exceeding a minute, as it approached a railroad crossing within the city of McPherson. Its stop at the railroad crossing was both necessary and lawful, in order to prevent any collision with other trains which might have been on the Rock Island road. In stopping, no statute or city ordinance was violated or disregarded. The statute recognizes such stops before crossing the track of another company, where the railroad companies have not a system of interlocking or automatic signals. (Gen. Stat. 1889, ¶¶ 1362–1364.) If it be urged that the brakemen or train-men ought to have been at their stations to prevent school children from climbing on or under the cars during the momentary stoppage of the train, the answer is, that the object of having brakemen upon the train is to enable them to be in a position where they may handle the brakes, give

signals, etc.   The lookout to be kept by the engineer, fireman and train-men is generally ahead of the train. · If the boy had been seen upon the car by the train-men, then it would have been their duty to have exercised proper care in not running over or injuring him.   But when a train momentarily stops at a crossing, and the train-men are not needed in the operation of the train at their respective stations, it cannot be said that the company is guilty of negligence because, although the train itself is properly operated, the train-men are not given express instructions to keep away thoughtless children from climbing under or upon the train.   If it were the duty of the train-men to keep a lookout to prevent thoughtless children from climbing on or under their train when crossing the public street at a slow rate or when momentarily stopping.in a public street, before crossing another railroad, then the brakemen or train-men, instead of being at their usual or proper places upon the cars to handle the brakes, give signals, etc., should be upon the ground, near by the several cars of the train, watching the cars or patrolling the ground around the cars, to prevent children and others from getting on or under them.   The jury do not find that the train-men should have been upon the ground watching or patrolling the train.   No such claim is made.   If the train had stopped an unnecessary length of time, and become an obstruction upon the street, as in the Pennsylvania case referred to, or if the train in stopping at the street violated any city ordinance, any municipal provision, or any statute of the state, negligence could be imputed, and a liability based thereon.

We repeat what was said in the former opinion.   "We do not think any wrong was shown upon the part of the railroad company."   Negligence against the company was not established, and therefore no liability was shown.   The only alleged negligence found by the jury was that the brakemen or train-men were not at their proper places.   Nothing else was found.   If they had been at their usual or proper places on the cars for the operation of the train, they would not, in the performance of their usual or general duties, have been watch-

ing, or looking out to prevent children or others from climbing on or under the cars, when the train was in motion, or when it momentarily stopped.

The Henigh case, referred to in the former opinion, differs somewhat from the facts in this case, and we do not base the reversal of the judgment upon that case alone. It was commented upon, but in this case we think no negligence, upon the evidence, can be imputed to the railroad company, and hence the reversal. The finding of the jury that there was negligence is not conclusive. "If the findings in detail contradict the general finding, we may order the judgment to be rendered in accordance with the findings in detail, and wholly ignore the general findings. For instance, where a question of negligence arises in a case, the jury cannot be allowed to say conclusively, after finding certain special facts, that these facts constitute negligence, when in fact and manifestly they do not constitute negligence." (*A. T. & S. F. Rld. Co. v. Plunkett*, 25 Kas. 188.) Of course, where any finding is contrary to the evidence, such finding is of no value or importance as establishing negligence; and any of the findings of the jury in this case, not supported by the evidence, cannot be used to support a verdict or sustain a judgment. The jury expressly relieved the railroad company from any willful negligence or intentional violence or injury; therefore, from the findings of the jury, it is clearly established that no train-man or other employé of the company willfully or purposely hurt the little boy. He was not seen climbing on the car, and his imprudence was not expected or anticipated.

The rehearing will be denied. In No. 5665, same title, under the above and foregoing opinion, the rehearing will also be denied.