W. C. BURGESS, *Appellee,* v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant.*

No. 16,705.

SYLLABUS BY THE COURT.

1. RAILROADS—*Ejection of Passenger—Negligence.* Where a passenger without a ticket takes a train for a station at which the train is not scheduled to stop, it is not negligence to eject such passenger, even if he offers to pay cash fare to the station where he wishes to stop.

2. ——— *Injury to Person Sitting on the Track.* In such a case, where the person so ejected sits down on the end of a tie and takes a position so that he is not plainly visible, and while in such position another train comes along, and the engineer, who sees an object upon the track, is uncertain what the object is until the engine gets so close that he is unable to stop it before it strikes such person, the company is not guilty of culpable negligence.

32—83 KAN.

3. ———— *Duty to Trespasser.* A person who goes upon a rail-road track without the leave or knowledge of the company, and without any business with it, is wrongfully there and is a trespasser, and, while a trespasser, the company owes him no duty except not recklessly or wantonly to do him an injury.

Appeal from Reno district court. Opinion filed December 10, 1910. Reversed.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,* for the appellant.

*Frank L. Martin,* for the appellee.

The opinion of the court was delivered by

GRAVES, J.: This action was commenced in the district court of Reno county by W. C. Burgess to recover damages for a personal injury received by being struck by one of the defendant's passing trains. He recovered therefor, and the defendant appeals.

The plaintiff was at Ellinwood, and wished to go to Raymond. He boarded a train which did not stop at Raymond. When about two miles from Raymond the conductor asked him for his ticket. He had none. When he told the conductor that he wanted to stop at Raymond and would pay cash fare he was informed that he could not stop the train at that place, and that he must get off. The train was stopped and he was ejected. This was not negligence.

The plaintiff was intoxicated to the extent of being stupefied and drowsy. He was left by the side of the track, and he attempted to follow the train afoot, on the track. After walking a short distance he sat down on the end of a tie, and was soon overcome with a stupor. While in this condition a train passed along and struck his side, whereby he was pushed off to the side of the track and severely injured.

It is claimed that the men in charge of the train which struck the plaintiff were negligent in not discovering him in time to avoid the injury. It was a

Burgess v. Railway Co.

clear day, about noon. The track was straight, the ground smooth, and practically level. It was in the month of January, when rank vegetation does not stand along the track. The plaintiff was sitting on the end of a tie, crouched down with his head between his knees, and partially lying down. He would not readily be taken for a human being. He was not at a crossing or where a human being would be expected. After the engineer discovered that the object was really a human being he attempted to stop the train, but did not succeed in doing so in time to avoid the injury. It must be remembered that when a person is upon a railroad track without leave, and has no business with the company, such person is a trespasser, and the company owes him no duty except not wantonly to injure him. It is not pretended here that the company was recklessly or wantonly negligent in this case. In the absence of such a degree of negligence the plaintiff has no cause of action, and should not recover a judgment. The rule of law controlling such a case was clearly and forcibly stated by Mr. Chief Justice Doster in the case of *Railway Co. v. Prewitt*, 59 Kan. 734. The following cases decide practically to the same effect: *Louisville, H. & St. L. R. Co. v. Hathaway's Ex'tx.*, 121 Ky. 666; *Railway Co. v. Williams*, 69 Miss. 631; *San Antonio & Aransas Pass Ry. Co. v. McMillan*, 100 Tex. 562.

In harmony with these cases we hold that the company was not guilty of such negligence as creates a liability. The judgment is reversed, with direction to enter judgment for costs in favor of the defendant.