No. 19,383.

AGNES HART CORLEY, *Appellee,* v. THE ATCHISON, TO-PEKA & SANTA FE RAILWAY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. PERSONAL INJURIES — *Proximate Cause — A Jury Question.* Rule followed that proximate cause of damages is ordinarily a jury question.

2. PRACTICE—*No Error in Instructions.* Rule followed that error can not be predicated on one instruction which is correct so far as it goes and which is supplemented and properly qualified by other instructions.

3. PERSONAL INJURIES — *First Verdict $6000 — Second Verdict $8000—No Remittitur Required.* In a first trial for damages for the death of a person killed at a railway crossing a verdict for $6000 was awarded. On appeal, reversed and ordered tried on issue of negligence on account of obstructions to view maintained on right of way. On the second trial plaintiff was required to prove damages anew and obtained a verdict for $8000. *Held,* a remittitur of the difference between the first and second verdict is not required.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion filed April 10, 1915. Affirmed.

*William R. Smith, Owen J. Wood, Alfred A. Scott,* and *Harlow Hurley*, all of Topeka, for the appellant.

*Howard J. Hodgson,* of Eureka, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This case was here before. (*Corley v. Railway Co.*, 90 Kan. 70, 133 Pac. 555.) It is an action for damages on behalf of a widow for the death of her husband who was killed by the defendant at a railroad crossing in Greenwood county. The deceased was riding in an automobile as the guest of R. B. Anderson, who with his wife were also killed in the same accident. The law of the case was fully covered in the first hearing before this court. The case was reversed because certain special questions were not fairly answered and the answers given tended to show a captious spirit on the part of the jury.

The conclusion of the opinion was:

"The defendant was entitled to have the questions fairly answered, and the failure of the jury to meet this requirement is ground for reversal. . . . As there seems no reason why the decision with regard to other forms of negligence should be set aside, upon a new trial the plaintiff's claim should be confined to the allegations with respect to obstructions to view allowed upon the right of way." (pp. 76, 77.)

At the first trial the verdict was for $6000. On the second, $8000 was awarded. For this and other reasons which will be noted in order the defendant appeals.

Appellant's first contention is that the obstructions to the view on the right of way were not the proximate cause of the accident. These obstructions consisted of a low embankment, on which was a hedge about four feet high, with hedge sprouts from four to ten feet high. Sunflowers and other weeds grew on the embankment, and buck brush in thick clumps from two and a half to three and a half feet high. This shut off the view of an on-coming train until the travelers in the automobile had approached close to the railway track.

The answers of the jury to special questions submitted by the defendant develop the pertinent facts:

"Q. 7. How far could the deceased and the driver of the automobile have seen a train approaching from the direction from which the train was coming at the time the automobile reached a point at which the highway enters upon the railroad right of way? A. 7. About 50 feet.

"Q. 8. How far could the deceased and the driver of the automobile have seen the approaching train from a point in the public highway fifteen feet south from the crossing? A. 8. About 700 feet. ·

"Q. 9. At what rate of speed did the automobile approach the crossing in question after it reached a point in the highway at which the highway enters upon the right of way of the defendant company? A. 9. No one knows; possibly from 18 to 4 miles per hour, but evidence on this point was admitted by witness to be largely guesswork.

"Q. 10. How far could the deceased and the driver of the .automobile have seen the train approaching when the automobile reached a point 10 feet south of the crossing in question? A. 10. Driver could see about 700 feet; deceased about 300 feet.

"Q. 11. Did said automobile slacken its speed as it approached the track? A. 11. Yes.

"Q. 12. How far was said automobile from the track at the time it was at its slowest speed? A. 12. Probably 6 to 8 feet.

"Q. 13. Was the death of the deceased caused by the negligence of the defendant Railway Company or by the negligence of the driver of the automobile in failing to reduce the speed and look and listen for the train when approaching the crossing? A. 13. Negligence of defendant.

"Q. 18. If you find for the plaintiff please state upon what acts or omissions constituting negligence on the part of the defendant you base your verdict? A. 18. Allowing obstructions to the view to remain on right of way."

The determination of the proximate cause was for the jury. (*Railway Co. v. Parry,* 67 Kan. 515, 73 Pac. 105; *Filson v. Express Co.,* 84 Kan. 614, 114 Pac. 863; *Barnett v. Cement Co.,* 91 Kan. 719, 139 Pac. 484.)

This court has already decided that it was proper, in this case, to submit to the jury the question whether the defendant permitted the crossing to be rendered unnecessarily dangerous by allowing needless obstructions to the view, and that a finding of negligence in that regard is sufficient to support a judgment. (*Corley v. Railway Co.,* 90 Kan. 70, 73, 133 Pac. 555.) We think the question of contributory negligence was satisfactorily disposed of when the case was here before. Since then the law has been further reviewed in *Smith v. Street Railway Co.,* 91 Kan. 31, 33, 34, 136 Pac. 584.

Complaint is made of the ninth instruction to the jury. It reads:

"9. The jury is instructed that before it can find the defendant guilty of negligence on account of permitting or suffering hedge fence, tall weeds or an embankment of dirt to grow and be and remain on its right of way near the crossing in question, you must find from the evidence that said alleged obstructions were the proximate cause of the injury in question; that is to say, that said obstructions caused the injury without any negligence on the part of the deceased, and that but for said alleged obstructions in and upon the right of way near said crossing, said injury which resulted in the death of said Corley would not have been received."

It is urged that the instruction is faulty in failing to inform the jury that if they should find that, notwithstanding the obstructions to the view, if the driver could have seen or heard the train approaching before going upon the crossing, then his negligence would be the sole proximate cause of the accident, and plaintiff could not recover whether the deceased was negligent or not. To this there are two answers. The instruction is correct so far as it goes, and closely paraphrased one requested by defendant:

"Instructions requested by defendant:

"10. You are instructed that before you can find for the plaintiff because of the negligence of the defendant in allowing or permitting obstructions to be and re-

main upon its right of way, you must find from the evidence that said negligence was the proximate cause of the death of plaintiff's intestate; that is to say, you must find from the evidence that said obstructions upon defendant's right of way caused the accident resulting in the death of said Charles Francis Corley, without any negligence upon the part of said Charles Francis Corley in the premises, and that but for said obstructions upon said right of way, without negligence upon the part of said Charles Francis Corley, said accident would not have occurred."

The other answer to the criticism is that the necessary qualifications and restrictions of this instruction were fully, and even liberally, covered by the other instructions. The seventh instruction will illustrate:

"7. You are instructed that notwithstanding the law is that the negligence of R. B. Anderson, if any, can not be imputed to the said C. F. Corley, if he was an invited guest, and if the conditions were as explained and stated in instruction No. 6, yet if the Railway Company was not guilty of negligence which contributed to the death of said Corley, and his death was caused wholly by reason of the negligence of said R. B. Anderson, if any, then your verdict in such case must be for the defendant."

(See *Williamson v. Oil and Gas Co.*, 94 Kan. 238, syl. ¶ 2, 146 Pac. 316.)

Appellant's third contention is that the findings of the jury are not supported by the evidence and some of them are contrary to the evidence. One finding is that at a point 200 feet south of the crossing the deceased could not see the crossing signboard because the driver obscured his view, and it is urged that there is no evidence to warrant that finding. The testimony does show that the driver was in the front seat, right-hand side, and that Corley sat in the rear seat. The car was going north; the train was going southwest. This may reasonably justify the finding. The tenth finding is criticised but it does not appear illogical. As the car approached the track the range

Corley v. Railway Co.

of vision of the occupants would widen rapidly as they passed the barrier of obstructions. Nor does there appear any fatal conflict between findings 8, 10 and 13. Counsel find fault with the 15th finding, in which the jury said deceased was not acquainted with crossings but was probably acquainted with signs. This is hardly material. The testimony of the fireman, Reed, varying as it did on the different occasions in which he gave evidence on this lamentable affair, may have been discredited by the jury in its 16th finding. There is nothing to show that the jury acted capriciously or arbitrarily.

One more proposition needs to be disposed of. On the first trial the jury assessed the damages for Corley's death at $6000. At the second trial the award was $8000. It is true that this cause was reversed solely on account of unsatisfactory answers to special questions relating to the obstructions to the view; and it was remanded with directions that plaintiff's claim should be confined to a determination of the allegations with respect to the obstructions to view allowed upon the right of way. But while the law as declared in the first appeal was observed by court and litigants in the second trial, the plaintiff was required to prove her damages anew; the original award was not conceded by the railway company as fixing the amount of recovery if plaintiff should prevail; and no authorities are cited to show that the second jury could not fix the damages according to its own judgment upon the evidence submitted to it.

While it is not shown in *Mo. Pac. Rly. Co. v. Johnson,* 55 Kan. 344, 40 Pac. 641, just what sum the jury awarded the injured plaintiff in a first trial, it appears to have been $2975. The case was reversed for error, and on the second trial the jury awarded the plaintiff $9000, and that amount was confirmed on appeal. The last appeal was disposed of in a *per curiam*

opinion, not printed, but a memorandum of it appears in appendix (59 Kan. 776), and is given in full in 53 Pac. 129.

In *Root v. Packing Co.*, 88 Kan. 413, 129 Pac. 147, damages in the sum of $5000 were allowed to an employee who was injured by a falling elevator. For errors a new trial was ordered, and the second jury awarded $12,000 for his injuries and the judgment was affirmed. (*Root v. Packing Co.*, 94 Kan. 339, 147 Pac. 69.)

Doubtless a situation like this will sometimes require a remittitur, a duty which this court has not hesitated to perform on proper occasion. (*Aaron v. Telephone Co.*, 89 Kan. 186, 195, 131 Pac. 582.)

At common law where a jury failed to agree as to all the issues, a *venire facias de novo* was ordered as a matter of course. (2 Tidd's Practice, Am. Notes, pp. 854, 922.) Under the code, the range of a new trial may be limited. (Civ. Code, § 307; 29 Cyc. 732.) It was limited in this case, but not on the issue of the amount of recovery. We can not say the verdict was excessive; and its approval by the district court, although in excess of the first verdict, was not erroneous. This question does not appear to have been pressed below, and the second award must stand.

The judgment is affirmed.