No. 21,139.

SADIE ADAMS, as Executrix, etc., *Appellee*, v. THE IOLA ELECTRIC RAILWAY COMPANY and THE CITY OF IOLA, *Appellants*.

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Street-car Track—Buggy Overturned—Death—Trial—Findings.* In an action for damages for the death of the driver of a horse, occasioned by negligence of a city in the care of its streets and negligence of a street-car company in the operation of a car, the jury returned special findings to the effect that the horse was in the habit of taking fright at street cars, and in the habit of bolting, that the deceased was aware of the habit, and that he had been cautioned about it by acquaintances, but that the horse was reasonably safe for use for driving where likely to meet street cars. *Held,* the findings were not inconsistent with each other nor with the verdict for the plaintiff in the action, when considered in the light of the purpose of the special interrogatories and the evidence bearing on the subject.

2. SAME—*No Prejudicial Error in Record.* Various assignments of error considered, and held to be without substantial merit.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed January 12, 1918. Affirmed.

*Altes H. Campbell, H. A. Ewing, S. A. Gard,* and *G. R. Gard,* all of Iola, for the appellants.

*W. R. Cline, J. Q. Stratton,* both of Erie, and *F. J. Oyler,* of Iola, for the appellee.

The opinion of the court was delivered by

BURCH, J.: This is a second appeal. The nature of the controversy is sufficiently stated in the former opinion (*Adams v. Electric Railway Co.,* 95 Kan. 781, 149 Pac. 700), holding that the trial court erred in sustaining a demurrer to the plaintiff's evidence. At the second trial the plaintiff recovered, and the defendants appeal.

The first specification of error is that the court erred in overruling the defendants' demurrer to the amended petition. There is nothing to indicate that the petition was changed after the first appeal, and consequently the defendants are precluded from raising this question. Besides this, the petition stated a cause of action.

Under the third specification of error the defendants discuss four propositions, said to be essential to the plaintiff's case:

"1st. That the rail complained of was an obstruction to ordinary travel.

"2nd. That the wheel struck the rail 'in such manner as to prevent it from sliding or skidding east,' and that preventing it from sliding east threw Adams out.

"3rd. That the alleged defect in the street was the proximate cause of the injury.

"4th. That the deceased was not guilty of contributory negligence."

The second proposition assumes that the precise allegations of the petition giving an account of the accident should have been literally proved. That was not necessary, and there was abundant evidence, if believed, that the deceased was thrown from the buggy because the front wheel struck the rail of the street-car track, which projected above the surface of the street. Propositions one, three, and four present questions the solution of which depended on conclusions to be drawn from conflicting and contradictory evidence. The jury has performed that function, and their conclusions are sustained by sufficient evidence.

The fifth and sixth specifications of error relate to instructions. It is said that the instruction regarding the duty of the city to maintain the street in a condition reasonably safe for travel did not make special reference to the fact that a city is not always bound to keep the entire width of a street in proper condition for travel. It is further said the subject was called to the attention of the court by an instruction which the defendants requested. No such instruction is abstracted. The only requested instruction on the subject disclosed by the abstract was substantially given. The instructions which were given fairly stated the law, and there is no reason for believing the jury misapprehended or misapplied them.

The eighth assignment of error is that special findings of the jury were so inconsistent with each other and with the general verdict that the verdict should not be allowed to stand. The subject covered by the findings was thoroughly investigated for the first time at the second trial, and is urged in many ways in opposition to the plaintiff's right to recover. The findings were that the horse which the deceased was driving was in the habit of taking fright at street cars, and in the habit of bolting, that the deceased was aware of the habit, and that he had been cautioned about it by his acquaintances, but that the horse was reasonably safe and gentle for use when driven to a single buggy, where likely to meet street cars, automobiles, and motorcycles. The ultimate purpose of the special questions was to develop the fact that the deceased was guilty of contributory negligence in driving the horse. Occasions on which the horse frightened and bolted were proved, and accepting the questions as they were propounded, the jury assented to the characterization of these exhibitions as habitual. The evidence as a whole, however, sustained the finding that the horse was reasonably safe and gentle for use by the deceased in driving about the streets of Iola. Considered in the light of the evidence and of their purpose, the special findings were not inconsistent with each other or with the general verdict.

Other assignments of error merely present, in different form and aspect, subjects which have already been considered.

The judgment of the district court is affirmed.