No. 28,838.

H. W. WHITCOMB, *Appellee*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant*.

(280 Pac. 900.)

Opinion filed October 5, 1929.

*William R. Smith, Owen J. Wood, Alfred A. Scott* and *Alfred G. Armstrong,* all of Topeka, for the appellant.

*H. W. Euler, L. H. Euler* and *Edward Rooney,* all of Topeka, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an order overruling a demurrer to the petition in an action for damages for personal injuries. So far as is necessary to be considered here, the petition alleges:

"That on or about the 26th day of March, 1927, on or about 8:30 p. m. of said day, it being after night and dark, he was riding as a guest in a Buick automobile owned and driven by the defendant Vick Haney; that said defendant Vick Haney was driving said automobile out of the city of Harveyville, Kan., towards the city of Topeka, Kan.; that said Vick Haney while driving said automobile in a careless and negligent manner and not keeping a proper lookout, when he approached the intersection of said township road, county highway and the A. T. & S. F. Ry. Co. crossing which intersects on said A. T. & S. F. Ry. Co. crossing about one-fourth mile in a northwesterly direction from Harveyville, Kan., that said Vick Haney saw or by reasonable

diligence could have seen said intersections on said highway crossing on the railroad right of way approach, and could with the exercise of reasonable diligence have stopped his automobile in time to have prevented any injury to this plaintiff and could have prevented the accident and from running said automobile into said ditch and hole on said railroad right of way, yet notwithstanding the defendant, Vick Haney, did not stop his automobile, nor did he slacken the speed thereof, but ran said automobile in a careless and negligent manner as hereinbefore stated until said automobile slipped off the side of said A. T. & S. F. Ry. Co.'s narrow approach to said tracks, on said railroad right of way, and turned over upon this plaintiff, pinning him under the same."

The petition further alleges that the railway company was negligent in that it failed to construct, keep and maintain a sufficient and safe crossing over the railway track; "that the said crossing and approach was not twenty-four (24) feet wide and was more than the required six per cent grade, as required by Statutes of 1923 (R. S. 66-227), and not on the same grade for thirty (30) feet on each side of the center of the railroad track"; that the railway company had received no permission from the board of county commissioners not to comply with this statute at this crossing; that the railway company maintained a deep hole, or ditch, approximately five or six feet deep near the approach on its right of way without guard rails, fence, or warning; "that the said automobile owned and driven by said Vick Haney while being driven in a careless and negligent manner, and on account of the negligence of the defendant the A. T. & S. F. Ry. Co., a corporation, in failing to keep and maintain a safe and proper crossing as hereinbefore set out, turned over and rolled down the approach to said railroad crossing . . . into said hole or ditch . . . injuring the plaintiff. . . ."

Plaintiff made both the driver of the automobile, Vick Haney, and the railway company parties defendant. The railway company demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action in favor of plaintiff and against the railway company. This demurrer was overruled, and the railway company has appealed. The sole question before us is whether the petition states a cause of action in favor of the plaintiff and against the railway company.

We are not concerned on this appeal with the issues between plaintiff and the defendant Vick Haney. His answer is no part of the record on this appeal. Appellee should not have brought it here by a counter abstract, and appellant's motion to strike the counter abstract from the files is sustained.

Turning now to the petition to see if it states a cause of action against the railway company, it will be noted that the petition does not state to what extent or degree the crossing was not constructed as required by the statute. For all that is alleged in the petition the crossing might have been almost twenty-four feet wide and but very little more than six per cent grade on the approach and on the same grade with the track for almost thirty feet on each side of the center. In short, there is no fact stated in the petition from which it necessarily follows that the crossing was inherently dangerous, or in fact unsafe. On the other hand, it is, at least inferentially, alleged that the crossing was in such condition that one could readily drive over it with safety, for it is specifically alleged that the driver, Vick Haney, "could have prevented the accident and from running said automobile into said ditch or hole on the said railroad right of way" if he had used due care. From this it necessarily follows that whatever the shortcomings of the railway company were with respect to the manner in which the crossing had been constructed, they were not of such a character as would have prevented the driver of the automobile from passing over the crossing safely.

We pass by the thought that perhaps the statute (R. S. 66-227) was not designed to protect a guest from the negligence of his host, as our decision must be for appellant on other grounds. We may observe, however, that while a breach of statutory duty is a form of negligence (*Roman v. St. Louis-S. F. Rly. Co.*, 120 Kan. 585, 245 Pac. 115), such negligence is actionable only when the injury complained of is one the statute was designed to prevent. (*Denton v. Railway Co.*, 90 Kan. 51, 133 Pac. 558; *Shelden v. Wichita Railroad and Light Co.*, 125 Kan. 476, 264 Pac. 732.)

It is a fundamental rule in actions for tort that negligence which does not result in injury forms no basis for an action for damages. (*Comm'rs of Pottawatomie Co. v. O'Sullivan*, 17 Kan. 58, 60; *Railway Co. v. Fowler*, 61 Kan. 320, 59 Pac. 648; *Gibson v. Packing Box Co.*, 85 Kan. 346, 116 Pac. 502; *McGrew v. Investment Co.*, 106 Kan. 348, 187 Pac. 887.) Here it is clear from the allegations of the petition that the failure of the railway company to comply in full with the statute in constructing and maintaining the crossing and approaches thereto was not the thing which resulted in injury to plaintiff.

It is clear, also, from the petition that the failure of the railway company to fully comply with the statute in constructing and main-

taining the crossing was not the proximate cause of the injury. The legal principle involved is much like that presented in *Cooper v. Railway Co.*, 117 Kan. 703, 232 Pac. 1024, where it was held:

"Before a violation of statutory specifications touching the maintenance of a railway crossing over a public highway can form a basis for the railway company's liability in damages for the death of a person killed at such crossing, it must be made to appear that the defective character of the crossing was the proximate cause of the accident."

And in the opinion it was said:

". . . to fasten liability upon the railway company it was not enough to show that the railway company had failed to comply with the statute touching the character of crossing maintained by it on this highway. It was necessary to show that defendant's failure and neglect to construct and maintain this crossing in accordance with the statutory standard was the proximate cause of the accident which brought about the death of W. A. Yenne. (*Williams v. Electric Railroad Co.*, 102 Kan. 268, and citations, 170 Pac. 397; *Carson v. Railway Co.*, 103 Kan. 138, 172 Pac. 1000; Note to *Shatto v. Erie R. Co.*, 59 C. C. A. 5, 10, 19.)" (p. 706.)

Here it is clear from the allegations of the petition that plaintiff would have sustained no injury had it not been for the negligence of the driver of the automobile. Hence, that negligence was the proximate cause of the injury. (See *Railway Co. v. Columbia*, 65 Kan. 390, 69 Pac. 338; *Rodgers v. Railway Co.*, 75 Kan. 222, 88 Pac. 885.) While the question of proximate cause is ordinarily one for the jury (*Clark v. Powder Co.*, 94 Kan. 268, 146 Pac. 320; *Corley v. Railway Co.*, 95 Kan. 124, 147 Pac. 842), when the facts are undisputed, or are alleged in such a way as not to be open to question, as they are in the petition in this case, the question is one of law for the court. (*Gas Co. v. Dabney*, 79 Kan. 820, 102 Pac. 488; *Hartman v. Railway Co.*, 94 Kan. 184, 146 Pac. 335. See, also, Green, Rationale of Proximate Cause, p. 66 *et seq.*) It is true that a negligent condition may or may not be a proximate cause of an injury, depending upon varying circumstances, illustrated in part at least by *Lambel v. City of Florence*, 115 Kan. 111, 222 Pac. 64, and *McRae, Adm'r, v. Railroad Co.*, 116 Kan. 99, 225 Pac. 1032. But here the facts alleged make it clear that the negligent condition of the crossing was not the proximate cause of plaintiff's injury.

Appellee relies strongly on the case of *Bringle v. Gale Township*, 127 Kan. 115, 272 Pac. 126. The case, however, is not in point. There the driver of the car was not made a party defendant, and it

was specifically alleged in the petition that the driver of the automobile was using due care, and facts were stated in the petition as to how the driver handled the car which tended to support that view. Here just the opposite set of facts are alleged, namely, that the driver was negligent, and that the injury to plaintiff would not have occurred had he used due care.

The judgment of the court below is reversed with directions to sustain the demurrer to the petition.