No. 39,427

Dorthy Garrison, *Appellee,* v. (Hal R. Hamil, and) St. Louis and San Francisco Railway Company, a corporation, *Appellant.*

(271 P. 2d 307)

Opinion filed June 12, 1954.

*Henry V. Gott,* of Wichita, argued the cause, and *W. F. Lilleston,* of Wichita, was with him on the briefs for the appellant.

*Justus H. Fugate,* of Wichita, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: Plaintiff instituted an action against Hal R. Hamil and the St. Louis and San Francisco Railway Company, to recover damages for personal injuries and property damage. The defendant Hamil is not involved in this appeal. The other defendant appeals from an order overruling its general demurrer to plaintiff's petition. The material portion of the petition, in substance, alleged:

On December 2, 1952, plaintiff was traveling in a westerly direction on East Thirteenth street in the city of Wichita to a point where the St. Louis and San Francisco Railway Company tracks crossed that street; she stopped her car in the north lane of traffic in response to an electric or mechanical signal device which was giving warning of an approaching train; a number of cars had stopped ahead of her in the same lane; the warning device was not operating correctly but she did not know the reason therefor as it was under the exclusive control of the railway company; she stopped her car at about the hour of 7:15 a. m.; when her car came to a standstill there was no automobile immediately to the rear of her car; shortly thereafter the defendant Hamil carelessly and negligently drove into the rear of her car; Hamil was guilty of negligence in that he followed her car too closely and at an excessive speed; he failed to obey the warning device which was operating at the intersection; he failed to keep a lookout in front of him; he failed to observe the condition of the highway and he drove his car into the rear of her car in utter disregard of such warning signal, resulting in severe personal injuries and damage to her car.

The petition further, in substance, alleged:

The weather was cold, cloudy and foggy on the day in question; there had been a severe snowstorm and the streets were icy and slick; insofar as plaintiff knew no train crossed the intersection at the time of her injury; the warning signal continued to operate until approximately 8:00 a. m.; plaintiff was informed and believed the device is designed to give warning for only a few minutes before a train crosses Thirteenth street and to cease operating immediately after a train has cleared the crossing; the negligence of defendants was the direct and proximate cause of the collision.

Appellee frankly states she relies on the acts of negligence charged and not on the doctrine of *res ipsa loquitur*.

Appellant first asserts the only alleged improper act with which it is charged is that the warning device was not operating correctly at said time and place.

It appears the fact appellee was required to stop by an improperly operating warning signal is the only negligent act with which appellant is charged. Appellant asserts that is not an averment of fact but a conclusion. Although a motion to make the petition definite and certain was lodged and overruled that particular allegation was not motioned. Under varying pleadings it has been held an allegation not challenged by motion is admitted for purposes of a demurrer even though it may be in the nature of a conclusion of fact. (*Brock v. State Highway Comm.*, 157 Kan. 252, 258, 139 P. 2d 811; *Rogers v. Beiderwell*, 175 Kan. 223, 262 P. 2d 814.) In any event we find nothing particularly wrong with the allegation as a statement of fact. However, whether that allegation constitutes a cause of action against appellant is the question to be determined in the light of the entire petition.

Appellee's counsel concedes he has been unable to find a case factually in point. Neither have we and appellant has cited none. The theory on which appellee relies is that the petition charges acts which disclose the injury resulted from the concurrent negligence of joint tortfeasors and, therefore, the question whether the acts of one or the other were the proximate cause of the injury is immaterial, citing *Sager v. Railway Co.*, 70 Kan. 504, 79 Pac. 132; *Rowell v. City of Wichita*, 162 Kan. 294, 176 P. 2d 590; *Duran v. Mission Mortuary*, 174 Kan. 565, 258 P. 2d 241; *Polzin v. National Cooperative Refinery Ass'n*, 175 Kan. 531, 266 P. 2d 293; and decisions discussed in the above cases.

Appellee also directs attention to G. S. 1949, 8-564 which requires vehicles to stop at a railroad grade crossing in response to an electric or mechanical signal device which warns of an immediately approaching train.

On the other hand appellant asserts:

(1) Under the allegations of this petition the only alleged wrongful act on its part does not constitute *actionable negligence;* that act at most furnished only a condition, or gave rise to an occasion, in which appellee was required to stop; it was not the cause of the injury; appellee was not injured by the giving of the signal or by the absence of a train; and (2) if on the other hand it is held the sounding of the signal constituted actionable negligence that act and

the acts of Hamil were distinct, successive and unrelated; the petition discloses on its face the negligent acts of Hamil were the efficient and responsible cause of the injuries and appellant's negligence should be disregarded as too remote.

Among various cases cited it relies primarily on the following in support of its two contentions: *Railway Co. v. Columbia,* 65 Kan. 390, 69 Pac. 338; *Fraser v. Railway Co.,* 101 Kan. 122, 165 Pac. 831; *Lambel v. City of Florence,* 115 Kan. 111, 222 Pac. 64; *Whitcomb v. Atchison, T. & S. F. Rly. Co.,* 128 Kan. 749, 280 Pac. 900; *Smith v. Mead Construction Co.,* 129 Kan. 229, 282 Pac. 708; *Cruzan v. Grace,* 165 Kan. 638, 198 P. 2d 154; *Cotter v. Freeto,* 166 Kan. 23, 199 P. 2d 484, in which the principal facts in many of the above cases are analyzed; and *Shideler v. Habiger,* 172 Kan. 718, 243 P. 2d 211.

Appellant concedes these cases are not directly in point factually but earnestly urges they are illustrative in character of the principles involved which should be held controlling in the instant case.

We shall not undertake to repeat the facts upon which the numerous cases cited by the parties were based but refer to the opinions for a full statement thereof. We reaffirm the general rule pertaining to liability for concurrent negligence of joint tortfeasors as stated in cases cited by appellee. The question here is whether that rule is applicable and controlling under the facts pleaded.

A reading of the cases relied on by appellee will readily disclose the facts there involved are not remotely analogous to those in the instant case. In those cases the concurrent negligent acts of the tortfeasors were operative acts and they joined directly in producing the injury. Each act, therefore, constituted actionable negligence.

Does the sounding of a warning signal at a railroad crossing in itself constitute actionable negligence? Obviously not and it is not contended it did in this case. Such a signal is designed to warn and prevent injury from approaching cars or trains. The signal injured no one. Appellee was not struck by a car or train by reason of the signal. The real complaint is the warning signal was not operating correctly when no train had stopped, or was approaching. Clearly, however, the absence of the train did not injure appellee or constitute actionable negligence.

It is a fundamental rule in actions for tort that negligence which does not result in injury forms no basis for an action for damages. (*Railway Co., v. Columbia,* supra; *Whitcomb v. Atchison, T. & S. F. Rly. Co.,* supra; *Richards v. Chicago, R. I. & P. Rly. Co.,* 157 Kan. 378, 139 P. 2d 427.)

Appellee cites no statute requiring an electrical or mechanical signal device or a statute requiring such a device, if employed, to be kept in perfect working order. For present purposes we shall, however, assume the statute, G. S. 1949, 8-564, which requires a vehicle to stop in response to such a signal, contemplates the signal will be operating properly in order to accomplish its intended purpose. But negligence in violation of a statute is actionable only when the injury complained of is such an injury as the statute was designed to prevent. (*Whitcomb v. Atchison, T. & S. F. Rly. Co.,* supra, p. 751-752; *Cotter v. Freeto,* supra, p. 28-29.)

The statute pertaining to a signal which requires a vehicle to stop when the signal is sounded was designed to protect travelers from injury by approaching cars or trains and not from injury resulting from a collision between a vehicle which had stopped in obedience to the signal and another vehicle which acted in utter disregard of the signal.

It, therefore, appears the failure of the signal to operate properly at the time was not actionable negligence. Moreover, negligence, to be actionable, must result in damages which were, or reasonably might have been, foreseen by a person of ordinary intelligence and prudence. (*Railway Co. v. Columbia,* supra, p. 397-398; *Rowell v. City of Wichita,* supra, p. 303.) In the Shideler case, *supra,* it was held:

"Natural and probable consequences are those which human foresight can anticipate because they happen so frequently they may be expected to recur.

"While it is not a necessary element of negligence that one charged with negligence should have been able to anticipate the precise injury sustained, a person is not charged with all possible consequences of his negligent acts. He is not responsible for a consequence which is merely possible according to occasional experience, but only for those consequences which are probable according to ordinary and usual experience." (Syl. ¶ 3, 4.)

To the same effect, also, is *Rowell v. City of Wichita,* supra.

We think it cannot fairly be said, from the allegations of the instant petition, that appellant had probable cause to believe or should have anticipated that Hamil, or some other person, would negligently run into the rear of appellee's car in utter disregard of the warning signal. The petition expressly alleged Hamil did so negligently. Surely appellant was not required to anticipate such negligence, absent any allegation of fact to indicate it should have anticipated it.

In appellee's reliance on the rule of concurrent negligence of joint

tortfeasors she assumes the sounding of the signal when no train was approaching was actionable negligence and, therefore, was an efficient cause of the collision. We have indicated the assumption is unwarranted.

An approach of the problem from another angle may be helpful. Could it reasonably be contended appellant would be liable in the event a similar collision of vehicles had occurred if a train had actually been approaching at the time the signal sounded? We do not think so. It is true the petition alleged the signal continued to operate after the collision. Manifestly that fact was in nowise material where, as here, it is admitted the accident occurred *shortly after appellee's car had stopped.* The word "shortly" is defined in Webster's New International Dictionary, 2d. ed., unabridged, as, "In a short time; soon; presently; quickly." The petition further clearly indicates the collision happened very shortly after appellee stopped. It expressly alleged no vehicle was immediately to her rear when she stopped but that the defendant, Hamil, negligently and carelessly followed her car too closely and without regard to the excessive speed at which he was traveling.

We, therefore, do not have before us a case in which a long continued blocking of a railroad crossing or other long detainment of appellee was, or is alleged to have been, a factor in producing or contributing to the injuries she sustained. Nor is it alleged that at the time of this collision traffic had been delayed over a period of time in violation of any statute or city ordinance. The most that can be said in favor of the instant petition, as against appellant, is that the signal which was not operating properly caused her to stop and she was struck shortly thereafter by Hamil's car which was operated negligently and in utter disregard of the signal. Under the material facts alleged the circumstances did not differ substantially, if any, from those which would exist if a train were approaching and the signal operated perfectly. In the light of all the allegations of this petition, which are admitted on demurrer, we would not be justified in concluding the petition alleged facts which disclosed that failure of the signal to operate properly constituted actionable negligence, based on an efficient legal cause without which the injury would not have occurred.

Whether alleged negligence is the cause, or one of the efficient and responsible causes, of an injury is ordinarily a jury question. Where, however, the evidence is uncontradicted or the material

facts are fully pleaded and admitted by demurrer the question is one of law for the court. (*Lambel v. City of Florence, Whitcomb v. Atchison, T. & S. F. Rly. Co., Richards v. Chicago, R. I. & P. Rly. Co., Cruzan v. Grace, Cotter v. Freeto,* p. 28, *omnia supra.*) Here it appears on the face of the petition the only actionable negligence was that of the defendant, Hamil.

The order overruling the appellant's demurrer to the petition is reversed.