CHARLES H. JONES, Administrator, Appellant, v. CITY OF FORT DODGE et al., Appellees.

**MUNICIPAL CORPORATIONS:** Streets — Obstructions — Abutting
1 Property Owners. Abutting property owners have the right, for appropriate purposes, to make reasonable temporary obstructions of the streets.

**MUNICIPAL CORPORATIONS:** Streets—Obstruction by Housing
2 Over Sidewalk. The placing of housing over the sidewalk in front of a building by the abutting owner while he is reconstructing the building, where no other part of the street other than in front of the building is used, and where it is, in effect, a proper barricade, is not unlawful, and does not constitute a nuisance or negligence, either on his part or on the part of the city.

**NEGLIGENCE:** Proximate Cause—Automobiles. Where a boy who
3 was on the street was, on account of the construction of housing constructed over the sidewalk, struck and injured by an automobile which was being negligently operated, held that the negligence of the driver of the automobile, and not the housing, was the proximate cause of the boy's injury.

*Appeal from Webster District Court.*—G. D. THOMPSON, Judge.

MARCH 11, 1919.

ACTION for damages for the wrongful death of plaintiff's decedent. At the close of the evidence, the trial court

directed a verdict for the defendant. The plaintiff appeals. —*Affirmed.*

*Healy & Thomas,* for appellant.

*Mitchell & Files, Healy & Faville,* and *Kenyon, Kelleher, Price & Hanson,* for appellees.

EVANS, J.—On July 23, 1916, the decedent, Charles Jones, a boy seven years of age, was killed by collision with an automobile on Central Avenue in the city of Fort Dodge. While the boy was passing eastward along such avenue, he was run down unjustifiably by the driver of the automobile in question, and sustained injuries from which he immediately died. The driver of the automobile is not made a defendant herein. So far as appears from the record, he was never apprehended. The defendants named are the city of Fort Dodge, J. B. Butler, the owner of property abutting upon said street, and Zitterell, who was bound to Butler by contract, either as an employee or as a contractor. The alleged liability of these defendants is predicated by the plaintiff upon the fact that Butler was engaged, through Zitterell, in the repair of a building abutting upon the street, and for such purpose had cut off the sidewalk from travel, and had thereby driven the pedestrian travel into the street between the curb lines, and that this was an unlawful obstruction of the street, and created a nuisance, and that the defendant city was negligent in permitting it. The boy was walking in the street opposite the Butler front, at the time the automobile ran over him. The defendants filed separate answers, each denying liability. The defendant city denied the alleged negligence, and further denied that the acts charged against it, even if wrongful, were a proximate cause of the accident.

To go into further detail, it appears that, in February, 1916, the Butler building had been partially destroyed by fire. Only its walls were left standing, and these were a

menace to passing travel. The city authorities immediately stopped travel in that vicinity, by barricading the sidewalk and thereby withdrawing it from the use of the public. Central Avenue is an east and west paved street, and one of the main streets in the city. It is 75 feet wide, with 12-foot sidewalks on either side, leaving 51 feet as a traveling space for vehicles, from curb to curb. The streeet railway runs along its center line. In April, 1916, the property owner began to rebuild. For that purpose, he substituted for the barricade upon the sidewalk a complete housing, enclosed, and 8 or 10 feet high. The width of this housing was the full width of the sidewalk, and no more. It extended for 40 feet, being the frontal dimension of the Butler property. The street was otherwise free from obstruction, there being no material piled thereon, to obstruct the travel of vehicles. This left an unobstructed street 63 feet in width, including the sidewalk on the south side. Immediately preceding the accident, the boy, with his companion, was coming from the west, and was deflected into the street by the housing in question. At that time, there were no vehicles upon the street, except the automobile in question, and no pedestrians except the boy and his companion. There was a street car within a short distance. The automobile was coming from the east. The boy and the automobile were close to the curb at the time of the accident. It occurred at a point midway between the east and the west end of the housing in question. There is no suggestion in the record of any justification or excuse for the accident, so far as the automobile driver was concerned.

Considering first the alleged liability of the city, it is claimed by plaintiff that the housing which cut off the sidewalk travel was an unlawful obstruction of the street and

1. MUNICIPAL CORPORATIONS: streets: obstructions: abutting property owners.

a nuisance, and that the city negligently tolerated the same. The obstruction was not necessarily a nuisance nor illegal. It is well settled that abutting property owners have

a right to a reasonable temporary obstruction of the street for appropriate purposes. In this case, the menace of falling walls imposed upon the city the imperative duty to cut off pedestrian travel from the near vicinity. It performed that duty by a temporary barricade. It performed it later by permitting the property owner to erect the substantial

**2. MUNICIPAL CORPORATIONS: streets: obstruction by housing over sidewalk.**

housing already referred to. The city had an ordinance whereby it was provided that, for the purpose of improvement of his property, a property owner might have the right to obstruct the abutting street to the extent of one half its width, and for a period of time not exceeding four months, with a right in the city council to grant an extension of such time. The procedure provided whereby a property owner might avail himself of this permission in the ordinance was that he should file an application therefor with the city council, which should be passed upon by resolution, and that an appropriate bond should be required of the property owner. This procedure was not followed by Butler. It is contended, therefore, by the plaintiff that Butler's occupation of the street was unlawful, and that the acquiescence of the city in its unlawful occupation was negligence for which the city is liable. We see no merit to the point. In the first place, Butler was not occupying the street. He had piled no material upon the street. So far as his housing over the sidewalk was concerned, it was a mere substitute, and a safer one, for the barricade which was maintained by the city for the protection of pedestrians. The city had already withdrawn that part of the sidewalk from public use, and had not restored it. It was bound to maintain its barricade as long as the danger continued, and we can see no breach of duty on its part in adopting the housing of Butler as an appropriate performance of its own duty. Even if it be said that the failure to observe formalities in the matter of an application and a resolution granting the same rendered

the conduct of Butler in any respect illegal, yet it was an illegality that sustained no relation whatever to the causes which operated to the injury of the decedent. We think it clear that no negligence is shown on the part of the city which is in any manner relevant to plaintiff's cause of action.

It naturally follows, also, that the acts of the defendant city, such as they were, were remote, and not proximate, in their causal relation to the collision which caused the death of the decedent. At the time the boy passed from the sidewalk to the pavement for the purpose of passing along the housing in question, there was no danger apparent, and none actually existed, so far as the condition of the street was concerned. It is alleged in the petition that it was a crowded thoroughfare. But there was neither man nor vehicle upon it at this time. It would be difficult to conceive of a safer situation presented upon a public street. The sudden appearance of the automobile and the disregard of its driver of the safety of the decedent were clearly an active and efficient cause of the injury. It was the intervention of an independent event, involving human responsibility. Except for this intervening event, the accident could not have happened. It will serve no useful purpose to enter upon a discussion of the question of proximate cause. The question is often a difficult one, and the books are full of discussion thereon. We think, however, that the question, as presented herein, is not a doubtful one, and that the act of the automobile driver must be deemed the independent and efficient and proximate cause of the accident, and that the defendant city is in no manner responsible therefor.

3. NEGLIGENCE: proximate cause: automobiles.

If the city is not liable, it necessarily follows that Butler is not; because there is no claim of any special and independent negligence on his part. The only claim is that he participated with the city in its negligence in unlawfully

obstructing the street, or that the city participated with him in the unlawful obstruction of the same. For the same reason, therefore, we find that he is not liable. This conclusion carries down with it, also, the claim of liability as against the contractor or employee of Butler. We think the trial court ruled properly. The order directing the verdict is, therefore,—*Affirmed.*

LADD, C. J., PRESTON and SALINGER, JJ., concur.