No. 24,878.

Lucetta Amy Lambel, by her next friend, Andrew J. Lambel, *Appellant*, v. The City of Florence, and The Florence Hotel Company, *Appellees*.

SYLLABUS BY THE COURT.

Negligence—*City Permitting Building Material to Obstruct Sidewalk and City Street—Automobile Collision—Building Material not the Proximate Cause of the Automobile Collision.* A city permitted a hotel building company to pile building materials on a corner lot at the northwest corner of a street intersection. The materials covered the sidewalk on the south and on the east and encroached into the street on the east, and were piled so high as to cut off the view of automobiles driving south on one street and driving east on the other street. These obstructions to the view were negligently permitted to remain for two months after the hotel construction work had been abandoned and was not to be renewed. Plaintiff was riding south in an automobile driven by another person with alleged due care. After passing beyond the obstruction to her driver's view her car was struck by another automobile being driven eastward on the south side of the intersection. *Held,* that the negligence of the city in permitting obstructions to the view to remain at the northwest corner of the street intersection and thereabout was not the proximate cause of the plaintiff's injuries, that the city's negligence only furnished one of the conditions, that the proximate cause was the collision and the incidents immediately pertaining thereto, and the city's demurrer to the plaintiff's petition was properly sustained.

Appeal from Marion district court; CASSIUS M. CLARK, judge. Opinion filed January 12, 1924. Affirmed.

*W. H. Carpenter,* and *W. R. Carpenter,* both of Marion, for the appellant.

*J. E. Hargett,* of Florence, and *Braden C. Johnston,* of Marion, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff was injured in a collision of two automobiles at a street intersection in Florence, and sued the city for damages on the ground that an obstruction to the view which the city had negligently permitted near by had caused the accident.

The city's demurrer to plaintiff's amended petition was sustained, and the only question for review is whether a cause of action was stated.

Plaintiff's original petition had joined the driver and the owner of the other automobile as defendants with the city and the hotel company, and had charged the driver of the other car, Laura Haren, with negligence; but later the owner and driver of the other car were dismissed from the case without prejudice; and plaintiff filed an amended petition narrating the circumstances with much detail. She alleged that Main street in the city of Florence ran north and south and Third street ran east and west; that the city owned a town lot at the northwest corner of the intersection of Third and Main streets, which under some sort of contract between the city and the hotel company was to be the site of a hotel building, and that the hotel company brought together a large quantity of building materials and piled them on the sides and front of the town lot and into Main street so high as to cut off the view from automobiles approaching the intersection on Main street from the north, and to cut off the view from automobiles approaching from the west; and that the construction of the hotel had been abandoned and all work thereon had ceased for more than two months, and during that time the city and hotel company both knew that the construction work had been abandoned and was not to be completed. Plaintiff also alleged that while she was riding southward on the west side of Main street and approaching the intersection of Third street in an automobile lawfully operated by one Tillie Lambel, neither she nor her driver could see persons or automobiles approaching from the west on Third street because of the obstructions negligently piled and suffered to remain on the northwest corner of the inter-

section and in Main street thereat, and when plaintiff and her driver passed the intersection the automobile in which she was riding collided with an automobile coming from the west, driven by Laura Haren, whereby plaintiff was thrown out of her car into the street and injured in certain designated particulars and for which she prayed substantial damages.

The amended petition lacked nothing in the art and skill of pleading, if the material allegations would impose a liability on the city, and these allegations of fact, of course, were admitted to be true by the demurrer.

Were the obstructions to the view the proximate cause of plaintiff's injuries? This is commonly a jury question (*Railway Co. v. Parry*, 67 Kan. 515, 73 Pac. 105), but where the facts are all pleaded with definiteness and precision and admitted by demurrer, it frequently happens that there is nothing to submit to a jury. In *Railway Co. v. Columbia*, 65 Kan. 390, 69 Pac. 338, it was said:

"In a case where it is either admitted, or from the facts as found established, that two distinct, successive causes, unrelated in their operation, conjoined to produce a given injury, the question of remote and proximate cause becomes one of law for the decision of the court, and not of fact for the determination of the jury, and the determination of this question of law by the jury is not binding or conclusive on the court." (Syl. ¶ 3.)

To the same effect were *Gas Co. v. Dabney*, 79 Kan. 820, 102 Pac. 488; *Everhardt v. Telephone Co.*, 91 Kan. 763, 139 Pac. 416.

In *Norris v. Ross Township*, 98 Kan. 394, 397, 161 Pac. 582, the plaintiff was injured in a runaway accident, caused, as he alleged, by a pile of dirt on the highway which required him to go around the beaten path and while so doing his horse become frightened at a flapping canvas on a cement mixer, and ran away and injured the plaintiff. One question in the case was whether the pile of dirt in the highway was the proximate cause of the plaintiff's injuries. The court said:

"We think the trial court was correct in holding that the petition fails to state a cause of action. Where the question of proximate cause arises on demurrer to the petition it is necessarily one of law for the court. *Railway Co. v. Columbia*, 65 Kan. 390, 69 Pac. 338; *Gas Co. v. Dabney*, 79 Kan. 820, 102 Pac. 488; *Eberhardt v. Telephone Co.*, 91 Kan. 763, 139 Pac. 416.) The proximate cause of the injury was the frightening of the horse, and not the condition of the highway. In *Railway Co. v. Bailey*, 66 Kan. 115, 71 Pac. 246, where a horse became frightened at escaping steam and ran upon a pile of sewer pipe in the street, it was said:

" 'The proximate cause of the injury, that without which it would not have occurred, was the frightening of the horse. This stood first in the line of causation.' (p. 122.)" (p. 397.)

In this case there can be no pretense that the obstructions in the street and beside the street were the direct and immediate cause of plaintiff's injuries. She was injured by the collision of the two automobiles. The collision was the direct and immediate cause. But for the collision of the automobiles the alleged negligence of the city would not have caused any injury to the plaintiff. The collision was not an inevitable consequence of the obstruction to the view. There were no materials piled on Third street. Laura Haren was driving east on the south half of Third street. After the driver of plaintiff's car had passed the obstructions to her view on Main street, there was still one-half the width of Third street to cross before a collision with the Haren car was possible. In that state of the facts, it would be straining both the facts and logic to say that the obstructions to the view on and near Main street even furnished all the conditions which caused the accident. (*Goodaile v. Cowley county*, 111 Kan. 542, 207 Pac. 785.) At most, they merely furnished one of the conditions, they shortened the range of vision, which called for greater caution, slower speed, on the part of both drivers in approaching the intersection. One cannot blindly drive ahead into a street crossing or a railway crossing without knowing what he may meet ahead of him—without assuring himself of safety—and exculpate himself by blaming the consequences of his folly on obstructions which shortened his range of vision. Of course this duty to use due care in driving a car into a place without being assured of safety ahead more directly concerns the driver of a car than it does a passenger or guest; but it is relevant here in the consideration of the proximate cause of plaintiff's injuries.

The case of *Shafir v. Sieben*, (Mo.) 233 S. W. 419, 17 A. L. R. 637, is cited by plaintiff as authority for the present action. In that case building materials had been piled on the sidewalk and in the street near a street intersection in Kansas City. The materials completely blocked the sidewalk and half the street so that pedestrians were forced to turn into the middle of the street for passage. While the plaintiff, Sieben, a pedestrian, was proceeding around this obstruction he was struck by an automobile. Sieben sued everybody—city, contractor, owners of lot, owner of car, and chauffeur. The supreme court of Missouri declared it to be the duty

of the city to maintain a sidewalk in a safe condition for pedestrians, and that the city was liable for its negligence in failing to do so, and that the city's negligence, the negligence of the automobile driver, and the negligence of the contractor, and of the owners of the lot, were all concurrent. The A. L. R. annotation to this decision cites cases from Iowa, New York, and Kentucky which do not accord with the doctrine of the Sieben case. But we do not discover any close analogy with any of these cases to the one at bar. A majority of this court holds that the negligence of the city was not concurrent with the other incidents—the driving of the two cars into the intersection without assurance of both drivers that it was safe to do so, the actual collision itself, the speed with which the cars, or at least one of them, must have been driven to have caused so great a collision as to throw the plaintiff out of the car "with great force and violence causing a fracture on the left side of the skull of plaintiff," etc. These subsequent incidents in themselves constituted an intervening and efficient cause which brought about the injury to plaintiff; and the causal relation of the city's negligence is too remote for the plaintiff's injuries to be proximately traced thereto without doing violence to rules of law and logic which have generally governed in damage suits of this character. (1 Cooley on Torts, 3d ed., 99 *et seq.*)

The judgment is affirmed.