THOMAS EARLE *vs.* INHABITANTS OF CONCORD.

Middlesex.    June 30, 1927. — July 1, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Way*, Public: defect.

If a town entered into an agreement with the owner of land adjacent to a highway, whereby he gave the town authority to dump garbage, ashes, waste paper and other refuse upon his land for the purpose of filling the same, and the town permitted a third person at his own cost and expense to collect such material from houses and to dump it on the land in such circumstances that clouds of smoke arose therefrom and so darkened the highway that a collision of automobiles was caused thereby, one damaged through such collision cannot maintain an action against the town under G. L. c. 84, § 15, the circumstances not showing a defect or want of repair of the highway within the provisions of the statute.

TORT under G. L. c. 84, § 15, for damages resulting from a collision caused by smoke alleged in a substituted declaration to be a defect in the highway.    Writ dated October 13, 1926.

The defendant demurred.    The demurrer was heard by *Weed*, J., and was sustained.    The plaintiff appealed.

The case was submitted on briefs.

*R. Woodworth*, for the plaintiff.

*S. Hoar & L. Wheeler, Jr.*, for the defendant.

RUGG, C.J.    The allegations of the plaintiff's substitute declaration are that while a traveller he was injured by reason of a defect in a public way in the defendant town.    With respect to that defect it is alleged that the defendant entered into an agreement with the owner of land adjacent to the highway, whereby he gave to the defendant authority to dump garbage, ashes, waste paper and other refuse upon his land for the purpose of filling the same; that the defendant permitted one Corkum, at his own sole cost and expense, to collect such material from houses and to dump the same on this land; that the defendant permitted such material to burn whereby clouds of smoke darkened the highway, and as a result the plaintiff, while riding in an automobile, received injuries by reason of a collision with another auto-

mobile. A demurrer to the declaration was sustained, and, the plaintiff failing further to amend his declaration, judgment was ordered entered for the defendant.

The declaration contains no averment that the defendant was itself undertaking the removal and burning of refuse material but merely that it permitted a third person to do the acts alleged. It is plain that there is no cause of action set out against the defendant for the negligence of such third person. *Lincoln* v. *Boston*, 148 Mass. 578. *Haley* v. *Boston*, 191 Mass. 291. *Bolster* v. *Lawrence*, 225 Mass. 387, and cases there collected. *Young* v. *Worcester*, 253 Mass. 481.

It is provided by G. L. c. 84, §§ 1, 15, that highways and town ways shall be kept in repair by the municipality so as to "be reasonably safe and convenient for travelers," and that if a person in the exercise of due care sustains injuries "by reason of a defect or a want of repair" which might have been remedied by reasonable care and diligence, there may be recovery. No case hitherto has arisen in this Commonwealth where it has been sought to fasten liability upon a municipality for such a defect as is here alleged. The dump from which it is alleged that the smoke came in the case at bar was not within the limits of the highway and did not arise in connection with the construction or use of the highway. It was nothing which the town owned or operated through its servants. Without undertaking to frame a comprehensive definition of a defect or want of repair as those words are used in the governing sections of the statute, it is enough to say that no such defect or want of repair is set out in the present declaration. *Hixon* v. *Lowell*, 13 Gray, 59. *Jones* v. *Boston*, 104 Mass. 75. *Lincoln* v. *Boston, supra. Andresen* v. *Lexington*, 240 Mass. 517. The case is quite distinguishable from cases illustrated by *Day* v. *Milford*, 5 Allen, 98, *Hayes* v. *Hyde Park*, 153 Mass. 514, and *Valvoline Oil Co.* v. *Winthrop*, 235 Mass. 515, where an overhanging awning, a sagging wire, a protruding limb of a tree or such substantial physical obstructions have been held to be susceptible of being found to be defects.

*Order for judgment affirmed.*