[No. 28964. Department Two. July 22, 1943.]

J. C. BARTON *et al.*, *Respondents*, v. KING COUNTY, *Appellant.*[1]

[1]Reported in 139 P. (2d) 1019.

*Lloyd W. Shorett* and *L. C. Brodbeck,* for appellant.

*George F. Hannan,* for respondents.

BLAKE, J.—This is an appeal from a judgment entered upon a verdict in favor of plaintiffs on account of injuries sustained by plaintiff Harold Barton in a collision between a motor power bicycle, which he was riding, and a truck owned and driven by Howard Wilcox. The collision occurred at the intersection of two county roads—Normandy Terrace and Brittany Drive Circle. The former extends in an easterly-westerly direction; the latter, in a northerly-southerly. It is a "T" intersection, Brittany Drive Circle intersecting on the south side of Normandy Terrace.

The accident occurred midday of July 21, 1941. Plaintiff Harold Barton was riding his bicycle northerly on Brittany Drive Circle. Wilcox was driving his truck westerly on Normandy Terrace. Coming to Normandy Terrace, Barton turned east. Just as he made the turn he collided head-on with the Wilcox truck. Harold and his parents brought this action to recover damages for injuries sustained by Harold and damage to his bicycle as a result of the collision. From judgment entered in their favor, defendant county appeals.

It appears from the evidence that both Normandy Terrace and Brittany Drive Circle are dedicated to a width of sixty feet. At the time of the accident, however, each had been opened and improved only to the extent of graveled roadways, about fourteen feet wide, extending along the middle of the dedicated portions. Outside the graveled roadways, the rights of way were left in a state of nature. At the southeast corner of the intersection there was a heavy growth of weeds and vegetation so high as to obscure the vision of persons traveling on each highway. It is alleged in the complaint:

". . . that on account of said weeds and vegetation growing at said point, it was impossible for plain-

tiff, Harold Barton, or the said truck driver to observe any traffic that was approaching or about to cross the intersection of said two roads, and *the said collision between the said truck and the bicycle of the minor plaintiff was caused solely by the negligence of the defendant in failing to remove said vegetation;* . . ." (Italics ours.)

This is the only claim of any delict in duty on the part of King county. No claim is made that the surfaces of the graveled roadways were not in a reasonably safe condition for ordinary public travel. So, the only question for determination is whether the county was negligent in failing to keep the natural growth on the unimproved portions of the highways cut down so that it would not obscure the vision of travelers approaching the intersection.

■■ The question is a novel one, at least in this jurisdiction. It is a general rule, which respondents recognize, that a municipal corporation is under no obligation to open a street or highway to its full width. The extent to which the improvement shall extend is a matter resting in the sound discretion of municipal authorities. As a corollary, it is established that a municipality is not liable for injuries sustained outside the improved portion of the street or highway. 7 McQuillin, Municipal Corporations (2d ed.), p. 71, § 2931; 29 C. J. 683, § 445; *Blankenship v. King County,* 68 Wash. 84, 122 Pac. 616, 40 L. R. A. (N.S.) 182; *Matson v. Pierce County,* 94 Wash. 38, 161 Pac. 846. McQuillin states the principles as follows, p. 74:

"If the injury occurs on a part of a street which the city had not invited pedestrians to use, but which had been left in a state of nature, and which had not been thrown open to the use of the public, frequently municipal liability is denied. In such case it is argued that the city's obligation towards persons using its public streets springs from invitation, express or implied, and unless the city does something or omits to do something, from which such invitation reasonably may be inferred or implied, it cannot be said to have assumed

any obligation towards the public with respect to merely platted or dedicated streets or public ways on paper. The city has a right, therefore, to prepare a way of a width which in its discretion will accommodate the public in the middle of a dedicated or platted street, without assuming any duty or liability with respect to the portion of the street allowed to remain in a state of nature."

Respondents urge, however, that the situation presented here brings this case within an exception to this general rule. This exception has been recognized in cases where it has been contended that a municipality was negligent in failing to maintain warning signs or barriers along a street or highway. *Neel v. King County,* 53 Wash. 490, 102 Pac. 396; *Leber v. King County,* 69 Wash. 134, 124 Pac. 397, 42 L. R. A. (N.S.) 267; *Wessels v. Stevens County,* 110 Wash. 196, 188 Pac. 490; *Tyler v. Pierce County,* 188 Wash. 229, 62 P. (2d) 32; *Johanson v. King County,* 7 Wn. (2d) 111, 109 P. (2d) 307; *Simmons v. Cowlitz County,* 12 Wn. (2d) 84, 120 P. (2d) 479. The gist of the decisions in these cases, in so far as they are pertinent to the question under consideration, is that the municipality *may* be chargeable with negligence for failure to maintain warning signs or barriers *if the situation along the highway is inherently dangerous or of such character as to mislead a traveler exercising reasonable care.*

It is respondents' contention that, at their intersection, Normandy Terrace and Brittany Circle Drive were rendered inherently dangerous to travelers exercising reasonable care, by reason of natural vegetation obscuring the view. We think the contention is untenable. To allow it would be to hold, literally, that thousands of county road intersections are inherently dangerous. To so hold would impose an imponderable responsibility upon counties. As was said in *Leber v. King County,* p. 136:

"Here we have a road graded and in repair, fifteen feet wide, which is wide enough for all ordinary travel

unless it be in the populous centers of the state. We think it will require no argument to make plain the fact that here there was no extraordinary condition or unusual hazard of the road. A similar condition is to be found upon practically every mile of hill road in the state. The same hazard may be encountered a thousand times in every county of the state. Roads must be built and traveled, and to hold that the public cannot open their highways until they are prepared to fence their roads with barriers strong enough to hold a team and wagon when coming in violent contact with them, the condition being the ordinary condition of the country, would be to put a burden upon the public that it could not bear. It would prohibit the building of new roads and tend to the financial ruin of the counties undertaking to maintain the old ones. *The unusual danger noticed by the books is a danger in the highway itself.*" (Italics ours.)

Furthermore, such a holding would tend to relieve the operators of vehicles approaching such an intersection of their statutory duty to "operate the same in a careful and prudent manner and at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation, taking into account . . . *freedom of obstruction to view ahead and consistent with any and all conditions existing at the point of operation.* . . ." (Italics ours.) Rem. Rev. Stat., Vol. 7A, § 6360-64 (1) [P. C. § 2696-891].

We are of the opinion that the intersection at Normandy Terrace and Brittany Circle Drive was not inherently dangerous or of such a character as to mislead a traveler exercising reasonable care. We hold, therefore, that King county was not negligent "in failing to remove [the] vegetation" which obscured the vision of the rider of the bicycle and the driver of the truck. While no case involving identical facts has been called to our attention, we find substantial support for our position in the following authorities: 25 Am. Jur. 784, § 500; *Bohm v. Racette,* 118 Kan. 670, 236 Pac. 811, 42 A. L. R. 571; *Earle v. Inhabitants of Concord,* 260 Mass.

539, 157 N. E. 628, 53 A. L. R. 762; *Jones v. Fort Dodge,* 185 Iowa 600, 171 N. W. 16; *Goodaile v. Board of County Commissioners of Cowley County,* 111 Kan. 542, 207 Pac. 785; *Lambel v. Florence,* 115 Kan. 111; 222 Pac. 64; *Moore v. State Highway Commission,* 150 Kan. 314, 92 P. (2d) 29.

In conclusion, distinguishing features should be noted in the case of *Berglund v. Spokane County;* 4 Wn. (2d) 309, 103 P. (2d) 355, upon which respondents put much reliance. In that case, the negligence charged was that the county constructed and maintained a bridge designed "for *pedestrian* and vehicular traffic . . . with no footpath or sidewalk for pedestrians." Obviously, the case falls within the general rule that a municipality must maintain the improved portion of the highway in a reasonably safe condition for ordinary travel.

The judgment is reversed, and the cause remanded with direction to dismiss.

SIMPSON, C. J., BEALS, ROBINSON, and GRADY, JJ., concur.