[No. 30622.  Department Two.  March 10, 1949.]

HERMAN E. GREGORY, *Appellant,* v. THE CITY OF SEATTLE, *Respondent.*[1]

*Dalton, Taylor & Dalton,* for appellant.

*A. C. Van Soelen* and *Arthur Schramm,* for respondent.

ROBINSON, J.—This is an action for damages against the city of Seattle.  Defendant demurred to the amended complaint, on the ground that it did not state facts sufficient to sustain a cause of action.  The demurrer was sustained, and, following the failure of plaintiff to further plead, the case was dismissed.

Allegations of the amended complaint relied on to state a cause of action are as follows:

[1]Reported in 203 P. (2d) 340.

"IV. That the defendant, a municipal corporation, maintains an inherently dangerous and defective condition of such a character as to mislead a traveller exercising reasonable care on, upon or within property belonging to or under the control of the City of Seattle, located in, on, or upon Van Buren Avenue, a platted street of the City of Seattle, a portion of which is open for public travel. This inherently dangerous and defective condition is located within the bounds of the above mentioned platted street but is upon the unimproved area immediately adjacent to the open and improved portion of said platted street; said inherently dangerous and defective condition consisting of a well, cesspool or sump, which is located approximately eight feet from the travelled portion of said platted street and is in a location which is and which might reasonably be utilized by pedestrians as a means of ingress to the travelled portion of the above mentioned street; that the exact location of the place where this plaintiff was injured is further indicated by a photograph attached to the original claim heretofore filed with the City of Seattle, marked 'Exhibit A' and made a part of this claim, and the exact location of the place where said injury occurred is indicated on said photograph by an 'X' marked in ink; that the aforementioned inherently dangerous and defective condition in the above described property was well known to the officials of the City of Seattle and their duly constituted employees, or could and should have been well known to them had a reasonable inspection been made.

"V. That on the first day of March, 1947, at approximately the hour of eleven-thirty P.M., this plaintiff was walking across the property heretofore described in Paragraph IV, that plaintiff reached the point where defect in said property appearing in Exhibit A is located and which defect consists of a large hole in ground being approximately seven feet square and thirteen feet deep, the lower four feet being filled with water. The sides of said well, cesspool or sump are supported by heavy planking with straight up and down sides which said defect constitutes a hazard to travelers and pedestrians on said property either in the night or in the daytime said conditions being without lights, guard rails or other warnings of any kind of its presence and being in a dark and obscure place and having no cover or any guard whatsoever, that while this plaintiff was walking on said property, he stumbled into said defect which was not visible to this plaintiff, although he was acting at all times as a reasonable and prudent person would act

under the circumstances and that as a result of said falling, this plaintiff was injured as will be described hereinafter.

"That permitting said defect to remain in said place at said time constitutes negligence on the part of the City of Seattle and constituted a trap or menace to pedestrians passing across the said property under the conditions described herein, that at said time it was dark and impossible for claimant to observe said defect."

Plaintiff further alleged that, as a result of his accident, he suffered certain specified injuries, for which he claimed damages.

In this state, the general rule undoubtedly is that a municipality is not liable for injuries sustained outside the improved portion of a street or highway. *LaBreck v. Hoquiam,* 95 Wash. 463, 164 Pac. 67, L.R.A. 1917F, 297; *Barton v. King County,* 18 Wn. (2d) 573, 139 P. (2d) 1019. In the *Barton* case, we quoted the following excerpt from 7 McQuillin, Municipal Corporations (2d ed.), 74, § 2931:

" 'If the injury occurs on a part of a street which the city had not invited pedestrians to use, but which had been left in a state of nature, and which had not been thrown open to the use of the public, frequently municipal liability is denied. In such case it is argued that the city's obligation towards persons using its public streets springs from invitation, express or implied, and unless the city does something or omits to do something, from which such invitation reasonably may be inferred or implied, it cannot be said to have assumed any obligation towards the public with respect to merely platted or dedicated streets or public ways on paper.' "

It is true that there have been a number of cases in which travelers, injured outside of the improved portions of roads, have been permitted to recover from public agencies in charge of the roads without regard to whether or not the injuries occurred on platted sections. However, these cases customarily involved situations in which, for one reason or another, the agencies should reasonably have anticipated that travelers, in the course of normal use of the roads, might go beyond their legal boundaries.

In *Neel v. King County,* 53 Wash. 490, 102 Pac. 396, on which appellant seems chiefly to rely, the plaintiff's team

stepped into an inadequately guarded ditch, not within the legal limits of the county road, but immediately adjacent to it, and on a section of land used by the public as part of the road; and the county was held liable, on the theory, as the court said,

" . . . that the county ought to be estopped from denying responsibility where it had issued an invitation to the public to travel on the location adjacent to a county road as a part of the road, and where the road was in such position topographically as to mislead the public, there being no defined boundary between the road and that territory which the public had been invited to travel upon as a part of the road."

Similarly, in *Wakeham v. St. Clair Township*, 91 Mich. 15, 51 N. W. 696, the court observed, with reference to a hole close to a narrow road partially blocked by a mudhole:

"If this second hole was so near the traveled way, or way intended for travel, that persons would be likely to get into it in seeking to avoid the mud-hole, the township was guilty of negligence in allowing it to remain there for an unreasonable time."

However, no such situation is presented in the instant case. There is no suggestion in the complaint that the city had extended any sort of invitation, either express or implied, to travelers on Van Buren avenue to use the section of the platted street on which the hole in question was located. We do not dispute the contention of appellant that the hole was inherently dangerous; but this fact becomes material only if it can be shown that travelers, in the course of reasonable use of the improved section of the street, were imperiled by it. No such showing is made in the complaint. In fact, the photographs submitted by the appellant tend to support a contrary conclusion.

Appellant appears to question our right to refer to these photographs at this stage of the case; but, as he incorporated them by reference in the complaint, making them a part thereof, they must, of course, have been considered by the trial court in ruling upon the demurrer. They show that the hole was located in an area of under-

brush and trees in a natural state. Merely because this area is in a location which might reasonably be used as a means of ingress to the traveled portion of the street, the city cannot be charged with the duty of maintaining it in a proper condition for use. Innumerable wooded areas near streets and highways might be so described, and to charge the city with responsibility for the care of every such location would be to place an unreasonable burden upon it.

The complaint having failed to state a cause of action, the demurrer was properly sustained, and the judgment appealed from will stand affirmed. It is so ordered.

SIMPSON, MALLERY, and SCHWELLENBACH, JJ., concur.