[No. 33017.   Department Two.   March 24, 1955.].

ASA R. RATHBUN, *Appellant*, v. STEVENS COUNTY, *Respondent.*

GARY W. RATHBUN, *a Minor, by* ASA R. RATHBUN, *his Guardian ad Litem, Appellant*, v. STEVENS COUNTY, *Respondent.*[1]

*A. O. Colburn* and *Leo H. Fredrickson,* for appellants.

*Del Cary Smith, Delbert R. Scoles,* and *Del Cary Smith, Jr.,* for respondent.

SCHWELLENBACH, J.—This is an appeal by a minor and his father from judgments dismissing an action to recover damages for injuries sustained by the minor in an accident and dismissing an action by the father to recover medical expenses, after orders had been entered sustaining defendant's demurrers to the amended complaints and plaintiffs had elected not to plead further. The two actions were

[1]Reported in 281 P. (2d) 853.

consolidated for trial. The allegations of negligence were identical in both cases.

Quarry road is a county road running in an easterly and westerly direction in Stevens county. In 1942, the grade level of Quarry road was lowered approximately nine feet at a point adjacent to the Rathbun property. To provide access from the property to the road, a cut approximately eighteen feet wide was made by the contractor who changed the road grade. It does not appear whether the access road was made at the expense of the county or of the property owner. The bank to the east of the cut is seven and one-half feet high, and the bank to the west is eight and one-half feet high. The right of way of the road at this particular point is sixty feet wide. The paved portion is twenty feet wide. The bank extends ten feet into the right of way from the Rathbun premises, thus leaving a ten-foot shoulder on that side of the road.

The complaints alleged that, at approximately eight o'clock a. m. on July 15, 1952, Gary W. Rathbun, aged eleven years, was riding his bicycle through the cut, approaching Quarry road; that his view of the road was obstructed by the banks; that he was not in view of those traveling on the road; that, before entering the cut, he looked to the right and to the left and no vehicle was visible to him; that, when he was in the cut, his view was obstructed both to the right and to the left; that, when he emerged from the cut sufficiently so that the automobile driven by Rose Marie Endrice, who was traveling on the road at a reasonable rate of speed, and in a prudent manner, was in view, he was unable to avoid a collision due to the proximity of the two vehicles; that he was proceeding in a normal manner and in a prudent fashion, at a reasonable rate of speed; that the banks prevented Rose Marie Endrice from seeing him until it was too late to avoid striking him; that, as a result of the collision, he was seriously injured to his damage in the total sum of $43,293.65. The complaints do not allege whether Miss Endrice was traveling in an easterly or westerly direction—that is, whether

the collision took place on the near lane or whether he traveled across the road and was struck in the opposite lane.

Allegations of fact and conclusions of law are so interspersed in the complaints that it is rather difficult to separate them. The complaints alleged that county officials, including the board of county commissioners, had been told specifically about the dangerous condition on many occasions prior to the time of the accident; that it could have been remedied by cutting away the banks at a cost of $250; that the county failed to supply a safe connection; that the county failed to keep the highway in a safe condition for public travel; and that, as a direct and proximate result of the defect and the negligence of the county in failing to correct it, after notice, the accident occurred. Paragraph V alleged:

"The defect which proximately caused the injury hereafter set forth was the presence of a high bank of dirt within the right of way of the Quarry Road which obscured the vision of Gary W. Rathbun, to enter upon the stated road."

Paragraph XII alleged:

"The said Quarry Road was not properly constructed or maintained by the County for the reasonable safety of persons traveling upon the said road in a reasonable and prudent manner. The stated defect, the said banks of dirt, created an obstruction which made the use of Quarry Road and also the use of the connection from Quarry Road to the Rathbun premises unsafe for persons using reasonable and prudent care. The improper construction and maintenance of said Quarry Road at the site of the Rathbun premises constituted want of due care on the part of the county."

Here we have a situation where, under facts admitted by the demurrer, an eleven year old boy rode his bicycle in a normal manner and in a prudent fashion and at a reasonable rate of speed, down an access road and onto a highway, where he was struck by an automobile operated by a lady who was traveling on the highway at a reasonable rate of speed and in a prudent manner. Appellant apparently charges negligence on the part of the county in two

respects: failure to provide a safe connection from his property to the highway, and failure to keep the highway in a safe condition for public travel.

In *Berglund v. Spokane County*, 4 Wn. (2d) 309, 103 P. (2d) 355, we stated:

"The rule is well-nigh universal in this country that, although a municipality is not an insurer against accident nor a guarantor of the safety of travelers, it is nevertheless obligated to exercise ordinary care to keep its public ways in a reasonably safe condition for persons using such ways in a proper manner and exercising due care for their own safety. 7 McQuillin, Municipal Corporations (2d ed.), 27 *et seq.*, § 2909; 43 C. J. 998, § 1785; 13 R. C. L. 309, § 258."

Sections 1 and 2, chapter 174, Laws of 1943, p. 558 [*cf.* RCW 36.75.130 and RCW 36.75.140] provide:

"Section 1. No person, firm or corporation shall be permitted to build or construct any approach to any county road without first obtaining permission therefor from the Board of County Commissioners of said county.

"Sec. 2. The Boards of County Commissioners of the several counties of the state are hereby empowered and authorized to adopt reasonable rules and regulations for the construction of such approaches which, when complied with, shall entitle such person, firm or corporation to build or construct an approach from any abutting property to any county road. Such regulations may include provisions for the construction of culverts under said approaches, the depth of fills over said culverts and for such other drainage facilities as in the discretion of the Board of County Commissioners may be necessary. The construction of approaches, culverts, fills or such other drainage facilities as may be required, shall be under the supervision of the Boards of County Commissioners or their agents and all such construction shall be at the expense of the person, firm or corporation benefited by the construction of such approach."

■ Although this statute is negative in form, the inference seems clear that the legislature did not recognize an obligation on the part of the counties to provide approaches. It is the general rule that a county has no duty to construct approaches or driveways leading onto a highway. 10 McQuillin, Municipal Corporations (3rd. ed.) 677, Streets

and Alleys, § 30.64. In *Shuptrine v. Herron,* 182 Miss. 315, 180 So. 620, the court said:

"Municipalities are not required at the expense of tax-payers to provide special means of approach or access to its streets opposite the residence of every abutting property owner. Such individual entrances must be provided and constructed by the owner himself."

As heretofore stated, the complaints do not allege that the access road to the highway was constructed at the county's expense, or at its direction. We do not believe that such an inference can be drawn, in view of the statute and *the general rule mentioned above.* There *is* no duty on the part of the county to provide a connection between appellant's property and the highway. It therefore could not be charged with negligence in that respect.

■   On the other hand, the county is obligated to exercise ordinary care to keep its highways in a reasonably safe condition for persons using them in a proper manner and exercising due care for their own safety. *Berglund v. Spokane County, supra.* Appellant contends that respondent county negligently failed to carry out its obligation when it failed, neglected, and refused, after notice, to remedy the dangerous situation by eliminating the obstruction. For one thing, there was a ten-foot shoulder between the twenty-foot paved road and the bank. Furthermore, we have held that, where a road itself is reasonably safe for public travel, it is not rendered inherently dangerous to travelers exercising reasonable care, solely because a municipality fails to remove vegetation located off of the road, which tends to obstruct the view. *Barton v. King County,* 18 Wn. (2d) 573, 139 P. (2d) 1019; *Bradshaw v. Seattle,* 43 Wn. (2d) 766, 264 P. (2d) 265.

In the *Barton* case, the plaintiff was riding a motor power bicycle and collided with a truck at an intersection of two roads. At the southeast corner of the intersection, there was a heavy growth of weeds and vegetation so high as to obscure the vision of persons traveling on each road. Barton sued King county and alleged in his complaint:

" ' . . . that on account of said weeds and vegetation growing at said point, it was impossible for plaintiff, Harold Barton, or the said truck driver to observe any traffic that was approaching or about to cross the intersection of said two roads, and the said collision between the said truck and the bicycle of the minor plaintiff was caused solely by the negligence of the defendant in failing to remove said vegetation; . . . ' "

In denying recovery, we held:

"We are of the opinion that the intersection at Normandy Terrace and Brittany Circle Drive was not inherently dangerous or of such a character as to mislead a traveler exercising reasonable care. We hold, therefore, that King county was not negligent 'in failing to remove [the] vegetation' which obscured the vision of the rider of the bicycle and the driver of the truck. While no case involving identical facts has been called to our attention, we find substantial support for our position in the following authorities: 25 Am. Jur. 784, § 500; *Bohm v. Racette,* 118 Kan. 670, 236 Pac. 811, 42 A. L. R. 571; *Earle v. Inhabitants of Concord,* 260 Mass. 539, 157 N. E. 628, 53 A. L. R. 762; *Jones v. Fort Dodge,* 185 Iowa 600, 171 N. W. 16; *Goodaile v. Board of County Commissioners of Cowley County,* 111 Kan. 542, 207 Pac. 785; *Lambel v. Florence,* 115 Kan. 111, 222 Pac. 64; *Moore v. State Highway Commission,* 150 Kan. 314, 92 P. (2d) 29."

*Bohm v. Racette,* cited above, held that, where hedges are permitted to grow at the crossing of two highways so as to obstruct from one road the view of vehicles approaching the crossing on the other road, neither the landowner nor the municipality is liable in damages, on the theory of a defect in the highway, to those who are injured in an automobile collision at the crossing, because a defect in the highway, within the meaning of a statute imposing liability for injuries caused thereby, is something that interferes with movement over it, and does not include a condition along the side of the road which makes its use dangerous.

Appellant failed to allege any facts to show negligence on the part of respondent county in failing to exercise ordinary care to keep Quarry road in a reasonably safe condition for persons traveling on the road in a rea-

sonable and prudent manner. No negligence was alleged which proximately caused the accident.

The judgments are affirmed.

HILL, DONWORTH, and WEAVER, JJ., concur.