40368. CITY COUNCIL OF AUGUSTA v. SHIELDS et al.

Decided November 18, 1963—Rehearing denied December 19, 1963.

*Fulcher, Fulcher, Hagler & Harper, E. D. Fulcher, Julian H. Stewart,* for plaintiff in error.

*O. L. Collins, Calhoun & Mobley, Wm. C. Calhoun, G. L. Dickinson,* contra.

HALL, Judge. The question presented by the petition was whether a municipality could be held liable for negligence in knowingly permitting the existence of a driveway, constructed by the abutting owner through a four and one-half foot bank, on the city's unimproved right of way, when the walls enclosing the driveway were four feet high adjacent to the pavement and obscured from the view of vehicular traffic a nine-year-old boy lying face down on a sleigh, who was hit by a motorist after coasting down the driveway and onto the pavement, and the municipality had knowledge that children played in and came down the driveway onto the pavement. This question does not appear to have been decided in Georgia.

A number of courts in other States have declined to hold a municipality liable for negligence in failure to remove natural vegetation growing off the street that obscured the view of vehicular traffic at an intersection, when the injury sued for resulted from the collision of vehicles whose view was obscured. These courts have recognized the duty of a municipality to keep its streets reasonably safe for use by persons exercising reasonable care and caution, but reasoned that this duty does not require the removal of growth not itself sufficient to cause injury to persons using the traveled portion of the street in the exercise of reasonable care for their own safety and protection. Owens v. Town of Boonville, 206 Miss. 345 (40 S2d 158) ; Ynsfran v. Burkhart, (Texas) 247 SW2d 907; Note, 31 Texas L. Rev. 589; Anno. 42 ALR2d 817; accord Williams v. Bristow (Okla.), 350 P2d 484.

The Supreme Court of Washington has recently held that a county could be liable for negligence in failing to clear its right of way of adjacent growing brush and timber which obscured the view of motorists, when under a statute "it was the mandatory duty of the county to clear its right of way so that vegetation

growing on it would not obscure the view of users of the road."
Goodner v. Chicago, Milwaukee, St. Paul & Pac. R. Co., (Wash.)
377 P2d 231, 238; accord Bosin v. Minneapolis, St. Paul &c. R.
Co. and City of Fond du Lac, 183 FSupp. 820 (E.D. Wis. 1960).

A case with facts similar to the present case has been decided
adversely to the plaintiff by the Supreme Court of Washington.
Rathbun v. Stevens County, 46 Wash.2d 352 (281 P2d 853);
accord Goggin v. City of Seattle, 48 Wash.2d 894 (297 P2d 602).
The facts distinguishing the Stevens County case from the pres-
ent case were that there was a shoulder between the pavement
and the obstruction to view and it did not appear whether the
obstruction was created by the county or by a private property
owner. The plaintiff argues that a different result should follow
from Georgia law, because *Code* § 69-304 denies the right of a
municipality to permit a private person to maintain an obstruc-
tion in the public street, and the city's alleged knowing violation
of this law presents a question of serious neglect of duty.

*Code* § 69-304 was a codification of a Supreme Court decision
and has been cited in a case which held a city might be liable for
permitting an obstruction—a shooting gallery—that was a direct
danger to users of the street. *City Council of Augusta v. Jack-
son*, 20 Ga. App. 710 (93 SE 304). But its application has
generally been to deny the city's right to permit obstructions
that would constitute a nuisance and impede travel. *Laing v.
Mayor &c. of Americus*, 86 Ga. 756 (13 SE 107); *City Council
of Augusta v. Reynolds*, 122 Ga. 754 (50 SE 998, 69 LRA 564,
106 ASR 147). The rule was not primarily a safety measure,
and we have found no case in which this Code section was held
to be a basis for liability for injury caused indirectly by a con-
dition in or adjacent to the traveled portion of the street. We
have searched secondary authorities, including McQuillin, Mu-
nicipal Corporations, and Rhyne, Municipal Law, and find no
foreign decisions or informed opinion that a municipality would
be liable upon the facts of the present case.

To allow liability would be to extend the responsibility of
municipalities beyond what has been heretofore established in
Georgia and in most jurisdictions. The extension or restriction
of this responsibility is not the proper business of the courts,

whether or not we believe it desirable, but is a legislative function. In the absence of any statute or judicial precedent that would authorize a decision that the city may be held liable under these facts, we hold that the petition did not state a cause of action.

*Judgment reversed. Bell, P. J., and Pannell, J., concur.*