

**FILE**

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE JAN 2 8 2016

_____ CHIEF JUSTICE

This opinion was filed for record
at 8:00 AM on Jan. 28, 2016

Ronald R. Carpenter
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| GUY H. WUTHRICH, | ) | |
| | ) | |
| Petitioner, | ) | No. 91555-5 |
| | ) | |
| v. | ) | |
| | ) | |
| KING COUNTY, a governmental entity, | ) | EN BANC |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | Filed: JAN 2 8 2016 |
| CHRISTA GILLAND (PRICE), | ) | |
| | ) | |
| Defendant. | ) | |

YU, J.—A municipality's duty to maintain its roadways in a reasonably safe condition for ordinary travel is not confined to the asphalt. If a wall of roadside vegetation makes the roadway unsafe by blocking a driver's view of oncoming traffic at an intersection, the municipality has a duty to take reasonable steps to address it. In this case, there are genuine issues of material fact as to whether this duty was breached and whether any breach proximately caused petitioner Guy Wuthrich's injuries. We reverse and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY

On June 20, 2008, at about 5:15 p.m., Wuthrich was riding a motorcycle on Avondale Road Northeast in King County, approaching an intersection with . Northeast 159th Street. Drivers on 159th Street are controlled by a stop sign at the intersection; drivers on Avondale Road are not. Defendant Christa Gilland was driving a car on 159th Street. When she reached the intersection with Avondale Road, she stopped to wait for passing traffic but did not see Wuthrich approaching from the left. She turned left onto Avondale Road and collided with Wuthrich's motorcycle, seriously injuring him.

On June 15, 2011, Wuthrich filed a complaint against both Gilland and respondent King County (County), alleging that the County was liable for his injuries because overgrown blackberry bushes obstructed Gilland's view of traffic at the intersection. The trial court dismissed the action against the County on summary judgment. The Court of Appeals affirmed in a split, unpublished decision.[1] *Wuthrich v. King County*, noted at 186 Wn. App. 1023, *review granted*, 183 Wn.2d 1017, 355 P.3d 1154 (2015).

ISSUE

Did the Court of Appeals err in affirming the trial court's order dismissing Wuthrich's action against the County on summary judgment?

---

[1] Wuthrich's action against Gilland has been stayed, and Gilland is not a party on appeal.

STANDARD OF REVIEW

We review summary judgment decisions de novo. *Owen v. Burlington N. Santa Fe R.R.*, 153 Wn.2d 780, 787, 108 P.3d 1220 (2005). "[A]ll facts and reasonable inferences must be viewed in the light most favorable to" Wuthrich, the nonmoving party. *Id.* "Summary judgment is proper if the record before the trial court establishes 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" [2] *Id.* (quoting CR 56(c)).

ANALYSIS

"In order to recover on a common law claim of negligence, a plaintiff 'must show (1) the existence of a duty to the plaintiff, (2) a breach of that duty, (3) a resulting injury, and (4) the breach as the proximate cause of the injury.'" *Lowman v. Wilbur*, 178 Wn.2d 165, 169, 309 P.3d 387 (2013) (quoting *Crowe v. Gaston*, 134 Wn.2d 509, 514, 951 P.2d 1118 (1998)). The County contends it has no duty to address hazardous conditions created by naturally occurring roadside vegetation. Alternatively, the County contends that even if it does have such a duty, any

---

[2] The County moved to strike part II(C) of Wuthrich's brief responding to amicus Washington State Association of Municipal Attorneys. We passed the County's motion to the merits and now grant it. The offending portion of Wuthrich's brief relies on factual evidence outside the record, which we cannot consider when reviewing the trial court's summary judgment decision. *Owen*, 153 Wn.2d at 787; *see also* RAP 9.12.

3

breach was not a proximate cause of Wuthrich's injuries. Both contentions are precluded by this court's precedent.

A.    Duty and breach

The existence and scope of a duty are questions of law. *Keller v. City of Spokane*, 146 Wn.2d 237, 243, 44 P.3d 845 (2002). It is well established that a municipality has the duty "to maintain its roadways in a condition safe for ordinary travel."[3] *Owen*, 153 Wn.2d at 786-87. There is no categorical exemption for unsafe conditions caused by roadside vegetation.

The County argues otherwise, relying on *Rathbun v. Stevens County*, 46 Wn.2d 352, 281 P.2d 853 (1955), *Bradshaw v. City of Seattle*, 43 Wn.2d 766, 264 P.2d 265 (1953), and *Barton v. King County*, 18 Wn.2d 573, 139 P.2d 1019 (1943). Those cases would support the County's position if their legal foundations remained solid. However, each of those cases was decided before the legislature waived sovereign immunity for municipalities and therefore relied on the rule that the municipalities' duties to address conditions outside the roadway was limited to warning or protecting against inherently dangerous or misleading conditions.

---

[3] It is disputed whether the County owned the land on which the blackberry bushes were located. We therefore do not reach the merits of Wuthrich's argument that the County had an independent duty as a landowner to "use and keep [its] premises in a condition so adjacent public ways are not rendered unsafe for ordinary travel." *Re v. Tenney*, 56 Wn. App. 394, 396-97, 783 P.2d 632 (1989).

*Rathbun*, 46 Wn.2d at 356-57; *Bradshaw*, 43 Wn.2d at 773-74; *Barton*, 18 Wn.2d at 575-76. That rule no longer applies.

Our more recent precedent makes it clear that a municipality has "the overarching duty to provide reasonably safe roads for the people of this state to drive upon." *Owen*, 153 Wn.2d at 788. Addressing inherently dangerous or misleading conditions is simply "part of" that duty. *Id.* And to the extent that *Ruff v. County of King*, 125 Wn.2d 697, 887 P.2d 886 (1995), has been misread as holding that a municipality's duty is limited to complying with applicable law and eliminating inherently dangerous conditions, we clarify that it is not. Municipalities are generally held to a reasonableness standard consistent with that applied to private parties. *See Owen*, 153 Wn.2d at 787; *Keller*, 146 Wn.2d at 242-43 (citing RCW 4.96.010); *Xiao Ping Chen v. City of Seattle*, 153 Wn. App. 890, 900-01, 904-05, 223 P.3d 1230 (2009). Therefore, to the extent that *Rathbun*, *Bradshaw*, and *Barton* hold that a municipality has no duty at all to address dangerous sight obstructions caused by roadside vegetation, we now explicitly hold they are no longer good law. *See W.G. Clark Constr. Co. v. Pac. Nw. Reg'l Council of Carpenters*, 180 Wn.2d 54, 66, 322 P.3d 1207 (2014).

We also note that whether a condition is inherently dangerous does *not* depend on whether the condition "exists in the roadway itself." *Wuthrich*, slip op. at 7. It depends on whether there is an "'extraordinary condition or unusual

5

hazard.'" *Barton*, 18 Wn.2d at 577 (quoting *Leber v. King County*, 69 Wash. 134, 136, 124 P. 397 (1912)). Such a hazard may be presented by *"the situation along the highway."* *Id.* at 576. Inherent dangerousness is a question of fact that may be relevant to the level of care that is reasonable, but it does not affect the existence of the overall duty to take reasonable care. *Owen*, 153 Wn.2d at 788.

Whether the County breached its duty depends on the answers to factual questions: Was the road reasonably safe for ordinary travel, and did the municipality fulfill its duty by making reasonable efforts to correct any hazardous conditions? *Id.* Wuthrich introduced sufficient evidence to create genuine issues of material fact as to both of these questions. Gilland testified that her view of the intersection was obstructed by the blackberry bushes, and Wuthrich's experts testified that the County could have taken a variety of corrective actions to address the issue, including trimming or removing the blackberry bushes, reducing the speed limit, or adjusting the stop line. Whether the roadway was reasonably safe and whether it was reasonable for the County to take (or not take) any corrective actions are questions of fact that must be answered in light of the totality of the circumstances. *Id.* at 788-90; *Xiao Ping Chen*, 153 Wn. App. at 901.

In sum, we reaffirm that a municipality has a duty to take reasonable steps to remove or correct for hazardous conditions that make a roadway unsafe for ordinary travel and now explicitly hold this includes hazardous conditions created

by roadside vegetation. We reject the notion that continuing to recognize this duty will make municipalities strictly liable for all traffic accidents because, as we have previously emphasized, "only *reasonable* care is owed." *Lowman*, 178 Wn.2d at 170 (citing *Keller*, 146 Wn.2d at 252); *see also Owen*, 153 Wn.2d at 789-90.

B.    Proximate cause

The County also argues that even if it did breach its duty, we should affirm on the alternate basis that the breach did not proximately cause Wuthrich's injuries. "Washington 'recognizes two elements to proximate cause: [c]ause in fact and legal causation.'" *Lowman*, 178 Wn.2d at 169 (alteration in original) (quoting *Hartley v. State*, 103 Wn.2d 768, 777, 698 P.2d 77 (1985)). Here, cause in fact is disputed and the County's arguments relating to legal causation are barred by controlling precedent.

"Cause in fact refers to the 'but for' consequences of an act—the physical connection between an act and an injury." *Hartley*, 103 Wn.2d at 778. "As a determination of what actually occurred, cause in fact is generally left to the jury." *Id.* In this case, Gilland testified that the blackberry bushes obstructed her view of the intersection, so she did not see Wuthrich until she had already begun her left-hand turn and did not have time to stop. Consistently, the police report stated that the "brush line causes somewhat of a site [sic] obstruction" and there were "no pre-impact skid marks from either vehicle" in the roadway, indicating that Gilland and

Wuthrich could not see each other until the moment of impact. Clerk's Papers at 445. This is sufficient to raise a genuine issue of material fact as to whether Wuthrich would in fact have been injured if Gilland's view had not been obstructed. *See Hartley*, 103 Wn.2d at 778.

Legal causation depends on "'policy determinations as to how far the consequences of a defendant's acts should extend.'" *Lowman*, 178 Wn.2d at 169 (quoting *Crowe*, 134 Wn.2d at 518). We make that determination by "evaluat[ing] 'mixed considerations of logic, common sense, justice, policy, and precedent.'" *Id.* (internal quotation marks omitted) (quoting *Hartley*, 103 Wn.2d at 779). The County contends that Gilland's negligence was not a foreseeable circumstance, so legal causation should not extend to the County. However, we have already rejected similar arguments. *Id.* at 170-72. Gilland's alleged negligence could certainly "limit or negate [the County's] liability on any number of theories, including comparative fault or the failure to prove factual causation," but that possibility does not automatically defeat the existence of legal causation. *Id.* at 172; *cf. Owen*, 153 Wn.2d at 787.

The County also contends that legal causation is not established because there were very few prior accidents at the intersection, so it did not have notice that the blackberry bushes were hazardous. However, to the extent legal causation includes a notice component, it is simply notice of the *condition. Niebarger v. City*

*of Seattle*, 53 Wn.2d 228, 229-30, 332 P.2d 463 (1958). There is evidence in the record that the blackberry bushes had been there for years and the County knew about them. The lack of prior accidents could be relevant circumstantial evidence as to the reasonableness of the County's actions when evaluating breach, but it does not preclude legal causation.

CONCLUSION

There are genuine issues of material fact as to whether the intersection at Avondale Road and 159th Street was reasonably safe for ordinary travel, whether the County took reasonable steps to remove hazardous conditions at the intersection, and whether any of the County's actions or omissions proximately caused Wuthrich's injuries. We therefore reverse the Court of Appeals and remand to the trial court for further proceedings.

_____ Yu, J.

WE CONCUR:

_____ Madsen, C.J.

_____ Stephens, J.

_____ Johnson, J.

_____ Wiggins, J.

_____ Owens, J.

_____ González, J.

_____ Fairhurst, J.

_____ Gordon McCloud, J.